UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MICHAEL MILLER-EL, | ) | CASE NO. 1:07 CV 3783 |
| Plaintiff, | ) | |
| | ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) | |
| DANIEL KASARIS, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

On December 11, 2007, pro se plaintiff Michael Miller-El filed this action under 42 U.S.C. §§ 1983, 1985 against Assistant Cuyahoga County Prosecutor Daniel Kasaris. In the complaint, plaintiff asserts that he has been unfairly arrested and held in jail. He seeks unspecified damages. Mr. Miller-El also filed an Application to Proceed In Forma Pauperis. That Application is granted.

**Background**

Mr. Miller-El's pleading is very brief and its allegations disjointed. As the dates mentioned in the narrative do not appear in chronological order, it is difficult to ascertain the precise manner in which the various incidents are related. He begins by stating that he was held in the

Cuyahoga County Jail "[f]rom January 23, until May 16, 2007." (Compl. at 1.) He indicates that he was under indictment for intimidating a judge. He then claims he was stopped by Cleveland Police on November 7, 2005. He alleges he presented the officers with "Moabite documentation under the United Nations Draft Declaration on Human Rights and the Torah's *Wayyera XIX: 35*." (Compl. at 2.) He contends that the arresting officer told him that "whether you use the name of Moabite or Moor, the group is on the government's watch list as being terrorists." (Compl. at 2.) He states he remained in jail until May 23, 2006 when he was released. Mr. Miller-El further alleges that he was detained for an extended period of time before the defendant charged him with intimidating a judge. He claims that the defendant failed to inform him of the original charges that prompted his arrest. He contends he was arrested twice for the same crime and was held in the Cuyahoga County Jail based on his religious beliefs in violation of the Fourth Amendment and 42 U.S.C. § 1985.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v.

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

2

Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, the complaint is this action does not contain sufficient allegations to state a claim against this defendant. Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. While Mr. Miller-El states that his Fourth Amendment rights and his rights under 42 U.S.C. § 1985 were violated, his claims are asserted as legal conclusions with no facts to support this defendant's liability under either of those theories. In fact, Mr. Kasaris is not mentioned at all in the body of the complaint. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see also, Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed).

Moreover, the Court notes from the certificate of service attached to the complaint that the defendant is an Assistant Cuyahoga County Prosecutor. To the extent that Mr. Miller-El's claims were intended to be based on decisions Mr. Kasaris made in the course of a criminal

prosecution, he is immune from liability. Prosecutors are entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Pusey v. Youngstown, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in conducting them in court. Skinner v. Govorchin, No. 05-2458, 2006 WL 2661092, at *6-7, slip op.(6th Cir. Sept. 18, 2006). This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. Id. These suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate. Imbler, 424 U.S. at 424-25; Skinner, No. 05-2458, 2006 WL 2661092, at *6-7. Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate." Spurlock v. Thompson, 330 F.3d 791, 798 (6th Cir.2003). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the State's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." Id. at 431; Higgason v. Stephens, 288 F.3d 868, 877 (6th Cir.2002). The immunity also reaches beyond the criminal process to conduct in civil proceedings where a government attorney is operating in an enforcement role in "initiating ... judicial proceedings," Cooper v. Parrish, 203 F.3d 937, 947 (6th Cir.2000), or "undertak[ing] the defense of a civil suit," Al-Bari v. Winn, No. 89-5150, 1990 WL 94229, at *1 (6th Cir. July 9, 1990). As all of the allegations in the complaint concern Mr. Miller-El's arrest, indictment, and incarceration in the county jail, it is plausible that his claims against Mr. Kasaris pertain to decisions made during the course of his

prosecution of Mr. Miller-El. Mr. Kasaris is entitled to absolute immunity for such actions.

## Conclusion

Accordingly, Mr. Miller-El's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED: February 14, 2008

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

5